**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

YEREMI MEDINA ESCOTO,

Petitioner,

v. No. 26-cv-3310-KWR-GJF

WARDEN, *et al*,

Respondents.

**ORDER OF DISMISSAL**

This matter is before the Court on Petitioner's *pro se* 28 U.S.C. § 2241 Habeas Petition (Doc. 1) (Petition). Petitioner was an immigration detainee when this case was filed. The Petition raises due process claims and seeks an immediate release from custody. *See* Doc. 1 at 7. Respondents filed an answer, which reflects that Petitioner obtained an Order of Voluntary Departure from the Otero Immigration Court after filing this action. *See* Doc. 7-2. The Order granted Petitioner's request for "pre-conclusion voluntary departure … in lieu of removal … on or before 11/4/2026." *Id.* Both parties waived the right to appeal the Order, which is now final. *Id.* A recent mailing to Petitioner was returned as undeliverable, and he has not updated his address as required by local rule or filed a reply. *See* Doc. 8.

Based on this evidence, the Court concludes Petitioner has departed the United States, and the requested relief (*i.e.,* a release from custody) cannot be granted. The Court will grant Respondents' request and dismiss this case as moot. *See Ferry v. Gonzales*, 457 F.3d 1117, 1132 (10th Cir. 2006) (concluding § 2241 claims are generally moot after petitioner's release). Alternatively, dismissal is appropriate under Fed. R. Civ. P. 41(b) based on Petitioner's failure to

prosecute and update his address as required by D.N.M. LR-Civ. 83.6. *See Olsen v. Mapes,* 333 F.3d 1199, 1204 n. 3 (10th Cir. 2003) (noting Rule 41 applies where the movant fails to prosecute and comply with civil rules); *Faircloth v. Hickenlooper*, 758 Fed. App'x 659, 662 (10th Cir. 2018) (affirming Rule 41 dismissal where plaintiff failed to update his address). The dismissal is without prejudice to refiling, if Petitioner is re-detained or still wishes to pursue relief under § 2241.

**IT IS ORDERED** that Petitioner's *pro se* 28 U.S.C. § 2241 Habeas Petition (**Doc. 1**) is **DISMISSED** without prejudice; and the Court will enter a separate judgment closing the civil habeas case.

**SO ORDERED**.

/S/
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE